**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LINDA CONSTRUCTION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. |
| ) | |
| EXCAVATING, GRADING, ASPHALT, ) | |
| PRIVATE SCAVENGERS, AUTOMOBILE ) | |
| SALESROOM GARAGE ATTENDANTS ) | |
| AND LINEN AND LAUNDRY DRIVERS, ) | |
| LOCAL NO. 731, INTERNATIONAL ) | |
| BROTHERHOOD OF TEAMSTERS, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

NOW COMES plaintiff, LINDA CONSTRUCTION, INC., by and through its attorney Brian R. Porter, and complains against defendant EXCAVATING, GRADING, ASPHALT, PRIVATE SCAVENGERS, AUTOMOBILE SALESROOM GARAGE ATTENDANTS AND LINEN AND LAUNDRY DRIVERS, LOCAL NO. 731, INTERNATIONAL BROTHERHOOD OF TEAMSTERS for breach of a Collective Bargaining Agreement as follows:

1. That at all times complained-of herein, plaintiff LINDA CONSTRUCTION, INC. (hereinafter referred to as "EMPLOYER") was and is an Illinois corporation conducting business within the state of Illinois.

2. That at all times complained-of herein, plaintiff EMPLOYER was and is an "employer" within the definition of §301(a) of the Labor Management Relations Act ("LMRA") and 29 U.S.C. § 152(2).

1

3. That at all times complained-of herein, defendant EXCAVATING, GRADING, ASPHALT, PRIVATE SCAVENGERS, AUTOMOBILE SALESROOM GARAGE ATTENDANTS AND LINEN AND LAUNDRY DRIVERS, LOCAL NO. 731, INTERNATIONAL BROTHERHOOD OF TEAMSTERS (hereinafter referred to as "LOCAL 731"), was and is "labor organization" within the definition of §301(a) of the LMRA and 29 U.S.C. § 152(5).

4. That jurisdiction and venue are properly vested in this District Court under the LMRA §§ 301(a) and (c), and 29 U.S.C. § 185(a)(c).

5. That EMPLOYER and LOCAL 731 are parties to a Collective Bargaining Agreement (hereinafter referred to as "CBA") effective from October 1, 2008 through September 30, 2013.

6. That Article XIX of the CBA is entitled "Grievances", and sets forth "an orderly method of handling and disposing of all disputes, misunderstandings, differences or grievances arising between the EMPLOYER and the UNION".

7. That Article XIX §2 of the CBA provides: that unresolved grievances may be referred to the Labor / Management Committee, comprised of two (2) union representatives and two (2) employer representatives who are signatories to the CBA. Further, "no Employer shall sit on a panel of the Labor / Management Committee which is hearing a grievance or considering a grievance or dispute arising from his / her own operation. The Labor / Management Committee shall hear the grievance and its majority decision shall be final and binding on all parties".

8.  That finally, of relevance to this cause, Article XIX §2 of the CBA provides that "there shall be no change in hearing date or continuance unless mutual agreement between the Employer and Union Co-Chairs".

9.  That the following listed grievances were scheduled to be heard before the Labor / Management Committee on February 21, 2013:

    (a)  Thomas McCarthy: Grievance #13-03 and #13-15;

    (b)  Franklin Ross: Grievance #13-07 and #13-19;

    (c)  Gerald Love: Grievance #13-05 and #13-21;

    (d)  Darnell Sanders: Grievance #13-04; and

    (e)  Tyland Parker: Grievance #13-06.

10. That in derogation and breach of Article XIX §2 of the CBA, all of the aforementioned grievances listed in paragraph #9 above, were arbitrarily rescheduled for hearing from February 21, 2013 to March 21, 2013, without the agreement of plaintiff-EMPLOYER, herein.

11. That all said results from the hearing dates rescheduled in breach of the CBA from February 21, 2013 to March 21, 2013 should be stricken on their face.

12. That notwithstanding the hearings held on March 21, 2013 in breach of the CBA, plaintiff further complains as follows:

    (a)  plaintiff-EMPLOYER was ordered in error by the Labor / Management Committee to pay Thomas McCarthy for the month of February 21, 2013 through March 21, 2013, for no exchange of work services from Mr. McCarthy, and the submission of evidence that Mr. McCarthy was suspended in accordance with the CBA;

    (b)  plaintiff-EMPLOYER was ordered in error by the Labor / Management Committee to pay Franklin Ross for three days of wages despite the submission of evidence that said individual was

3

    only suspended for two work days, and the submission of evidence that Mr. Ross was suspended in accordance with the CBA;

(c)    plaintiff-EMPLOYER was ordered in error by the Labor / Management Committee to pay Gerald Love for three days of wages despite the submission of evidence that said individual was only suspended for two work days, and the submission of evidence that Mr. Love was suspended in accordance with the CBA

(d)    plaintiff-EMPLOYER was ordered in error by the Labor / Management Committee to pay Darnell Sanders for two days of wages despite Mr. Sanders' failure to appear at the rescheduled hearing date of March 21, 2013, and plaintiff-EMPLOYER's appearance with evidence to refute the validity of Mr. Sanders' grievance; and

(e)    plaintiff-EMPLOYER was ordered in error by the Labor / Management Committee to pay Tyland Parker for three days of wages despite the submission of evidence that said individual was suspended in accordance with the CBA.

13.    That the Labor / Management Committee has an ongoing history, custom, and practice of acting in breach and violation of the CBA with plaintiff-EMPLOYER of rescheduling hearing dates without the agreement of the plaintiff-EMPLOYER herein.

14.    That the aforementioned conduct of the Labor / Management Committee outlined *supra* in paragraphs 9 through 13 herein, which only operates per the CBA through the actions and consent of defendant LOCAL 731, constitutes a breach of the CBA and violates LMRA §301, and 29 U.S.C. §185.

    WHEREFORE, plaintiff EMPLOYER LINDA CONSTRUCTION, INC. prays for relief as follows:

(a)    that this Honorable Court find that defendant LOCAL 731 breached the Collective Bargaining Agreement in effect from October 1, 2008 through September 30, 2013;

    (b)    that the March 21, 2013 Labor / Management Committee's awards be vacated and rendered null and void;

    (c)    that this Honorable Court orders LOCAL 731 to cease and desist further violation of the CBA; and

    (d)    that the Court grant all other relief it deems just, reasonable, and equitable including attorney's fees and costs incurred by EMPLOYER in this claim.

Respectfully Submitted,

/s/ Brian R. Porter

| | |
|---|---|
| Mailing Address: | P.O. Box 8527 |
| | Chicago, IL 60680-8527 |
| Office: | 233 S. Wacker 84th Floor |
| Phone: | (773) 209-6890 |
| Fax: | (312) 275-2270 |
| E-mail: | brplaw@aol.com |
| Attorney No.: | 6231208 |