**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LINDA CONSTRUCTION,  INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 13-cv-04465 |
| | ) | |
| | ) | Hon. Judge John A. Nordberg |
| | ) | |
| EXCAVATING, GRADING, ASPHALT, | ) | Magistrate Mary M. Rowland |
| PRIVATE SCAVENGERS, AUTOMOBILE | ) | |
| SALESROOM GARAGE ATTENDANTS | ) | |
| AND LINEN AND LAUNDRY DRIVERS, | ) | |
| LOCAL NO. 731, INTERNATIONAL | ) | |
| BROTHERHOOD OF TEAMSTERS, | ) | |
| | ) | |
| Defendant. | ) | |

<u>**PLAINTIFF'S ANSWERS TO DEFENDANT'S' COUNTERCLAIM**</u>

NOW COMES plaintiff, LINDA CONSTRUCTION, INC., by and through its attorney Brian R. Porter, and in answer to defendant's Counterclaim, answers as follows:

1.     The Court has jurisdiction over this matter and the venue is proper pursuant to §301 of the Labor-Management Relations Act, 29 U.S.C. §185(a) and (c).

**Answer: Admitted, as previously pled in plaintiff-counter defendant's underlying Complaint.**

2.     The Local 731 is a "labor organization" within the meaning of 29 U.S.C. § 152(5), and maintains its principal place of business within this district.

**Answer: Admitted, as previously pled in plaintiff-counter defendant's underlying Complaint.**

3.      The Employer is an Illinois corporation that maintains its principal place of business and transacts business within this district, and is an "employer" within the meaning of 29 U.S.C. §152(2).

**Answer: Admitted.**

4.      On or around November 1, 2010, Jesse McGee, as vice president of the Employer, signed a collective bargaining agreement ("CBA") with Local 731 on behalf of the Employer, which attaches and incorporates the substantive terms of the agreement entered into from time to time between Local 731 and various employer associations, including the transfer trailer addendum. A copy of the CBA is attached as Exhibit A.

**Answer: Plaintiff-counter defendant admits that it and Local 731 signed a Private Scavengers Agreement on November 1, 2010.**

5.      The CBA has remained in effect at all times since it was signed.

**Answer: Plaintiff-counter defendant admits the CBA has been in effect at all times stated within his Complaint and defendant-counter plaintiff's Counter-claim.**

6.      The CBA, requires employers, among other things, to utilize only eligible bargaining unit members to perform bargaining unit work, pay specified wages and fringe benefit fund contributions to and on behalf of such employees, pay certain guaranteed daily minimum wages, and to discharge and suspend employees only for just cause. The CBA also provides that disputes as to the meaning of our compliance with the terms of the contract are to be resolved through a grievance and arbitration procedure that culminates in presentation of

those disputes to a Labor / Management Committee ("LMC") composed of two union representatives and two employer representatives.

**Answer: Plaintiff-counter defendant neither admits nor denies defendant-counter plaintiff's interpretation of the CBA. Plaintiff-counter defendant further states that the CBA is a written agreement which speaks for itself as its own 'best evidence' of the terms contained therein.**

7.     Local 731 provided the Employer with notice of the following grievances ("Grievances"), all on or about January 3, 2013 (all further dates are 2013 unless otherwise stated):

(a)     Grievances 13-03 and 13-15 related to Thomas McCarthy;

(b)     Grievances 13-07 and 13-19 related to Franklin Ross, Jr.;

(c)     Grievances 13-05 and 13-21 related to Gerald Love;

(d)     Grievance 13-04 related to Darnell Sanders; and

(e)     Grievance 13-06 related to Tyland Parker.

**Answer: Plaintiff-counter defendant admits being provided notice of the stated grievances on or after January 4, 2013.**

8.     The Grievances were originally scheduled before the LMC for February 21, but were rescheduled to March 21 with mutual agreement between the Employer and Union Co-Chairs.

**Answer: Plaintiff-counter defendant denies defendant-counter plaintiff's allegation in said defendant-counter plaintiff's paragraph 8; further, said plaintiff-counter defendant has alleged the exact opposite in its underlying Complaint at paragraph 10. Without waiving said denial,**

**Plaintiff-counter defendant admits the Grievances, averred to above in defendant-counter plaintiff's paragraph number 8, were originally scheduled before the LMC for February 21, 2013, at which plaintiff-counter defendant appeared and presented as "ready" for the hearings. Said matters were arbitrarily rescheduled without plaintiff-counter defendant's agreement, consent, or input in breach of Article XIX §2 of the CBA, and said Employer only learned of the March 21, 2013 'rescheduled date' via correspondence sent to it on March 12, 2013 from Local 731.**

9.      The Grievances were heard by the LMC on March 21. At the hearing on March 21, the LMC was properly composed pursuant to Article XIX Section 2 of the Transfer Trailer Addendum portion of the CBA, consisting of two representatives of Local 731, and two representatives of employers who are also signatory to the CBA.

**Answer: Plaintiff-counter defendant only admits that a void and/or voidable proceeding was held before the LMC in breach of Article XIX §2 of the CBA on March 21. Plaintiff-counter defendant neither admits nor denies further allegations in this paragraph.**

10.      At the hearing on March 21, the Employer was present through its President and owner Jesse McGee, and through its supervisor Jeff McGee, who presented evidence to the LMC in support of the Employer's position on the Grievances. Local 731, through Tom Browne, its business agent, presented evidence to the LMC in support of Local 731's position on the Grievances. The

parties presented their evidence and arguments, and responded as they saw fir to each other's claims and to questions from the LMC.

**Answer: Plaintiff-counter defendant only admits that a void and/or voidable proceeding was held before the LMC in breach of Article XIX §2 of the CBA on March 21. Further, plaintiff-counter defendant admits the presence and participation of its representatives was in duress as it was warned in the aforementioned March 12, 2013 correspondence from Local 731 that "the committee may, by majority vote, reach a binding decision and may act in the absence of either party".**

11.     After the parties completed their presentations, the hearing was recessed, the LMC members met privately to deliberate, and the LMC members then returned to announce they had sustained the Grievances against the Employer, were awarding damages and imposing other remedies, and would be issuing a written decision.

**Answer: Plaintiff-counter defendant only admits that a void and/or voidable proceeding was held before the LMC in breach of Article XIX §2 of the CBA on March 21. Further, plaintiff-counter defendant admits the presence and participation of its representatives was in duress as it was warned in the aforementioned March 12, 2013 correspondence from Local 731 that "the committee may, by majority vote, reach a binding decision and may act in the absence of either party".**

12.     The LMC subsequently prepared its respective written awards on the Grievances, copies of which are attached as Exhibits  B through I ("Awards") and

the terms of which are incorporated herein. The awards directed the Employer to pay certain amounts to the respective employees who were the subjects to the Grievances, as specified in the awards, and to provide certain other specific relief.

**Answer: Plaintiff-counter defendant only admits that a void and/or voidable proceeding was held before the LMC in breach of Article XIX §2 of the CBA on March 21. Plaintiff-counter defendant neither admits nor denies further allegations in this paragraph.**

13.    Under Article VI, Section 6 of the Transfer Trailer Addendum, covered employees are guaranteed eight hours of pay per day and the initial hourly rate of pay is set at $21.95.

**Answer: Plaintiff-counter defendant only admits that Article VI, Section 6 of the Transfer Trailer Addendum is a written document which speaks for itself as its own 'best evidence' of the terms contained therein.**

14.    That initial hourly rate of pay has increased at points in amounts specified in Article VII of the Private Scavenger Agreement, reaching the hourly rate of $25.57 as of February 2013.

**Answer: Plaintiff-counter defendant only admits that Article VII of the Private Scavenger Agreement is a written document which speaks for itself as its own 'best evidence' of the terms contained therein.**

15.    Therefore, for the Awards that provide for monetary relief calculated as three days' wages (Exs. C, E, & I), the monetary value of three days' wages is $613.68, consisting of three eight-hour days paid at $25.57 per hour.

**Answer: Denied, as said awards were reached in breach of Article XIX §2 of the CBA and were void on their face.**

16.     Local 731 mailed the awards to the Employer on or about March 21, 2013.

**Answer: Plaintiff-counter defendant does not have information to admit or deny.**

17.     Despite being served with the awards, the Employer has not complied with them in any respect.

**Answer: Denied, as said awards were reached in breach of Article XIX §2 of the CBA and were void on their face.**

18.     The failure of the Employer to comply with the awards is a breach of the CBA.

**Answer: Denied, as said awards were reached in breach of Article XIX §2 of the CBA and were void on their face.**

19.     Pursuant to Article XIX Section 3 of the Transfer Trailer Addendum portion of the CBA, the Employer's failure to fulfill the Awards imposes on the Employer an additional ten percent penalty and requires the Employer to pay all costs incurred in enforcing the Awards, including attorneys' fees.

**Answer: Denied, as said awards were reached in breach of Article XIX §2 of the CBA and were void on their face. Moreover, without waiving said denial, plaintiff-counter defendant further avers that such a determination by this Honorable Court would effectively "freeze" any future bona fide legitimate legal challenge by an Employer when Local 731 elects**

**to ignore and/or breach selected provisions of the CBA not to its liking, and**

**would render the CBA moot.**

WHEREFORE, Local 731 respectfully asks this Court to enter judgment against the Employer as follows:

(a) Confirming the Awards of the Labor / Management Committee on the Grievances.

(b) Ordering the Employer to pay the em[ployees the wages specified in the Awards, less applicable deductions, specifically the following amount of gross wages:

(i) to Thomas McCarthy, $1,825.68;

(ii) to Gerald Love, $2,063.68;

(iii) to Darnell Sanders, $1.109.00;

(iv) to Tyland Parker, $1,518.00 and

(v) to Franklin Ross, $2,484.18.

(c) Ordering the Employer to pay an additional ten percent in wages to the employees above what is specified in the Awards.

(d) Ordering the Employer to remove the two letters dated January 23, 2013 in connection with Thomas McCarthy;

(e) Ordering the Employer to pay Local 731's attorneys' feed incurred in connection with enforcing the Awards.

(f) Granting other such relief as the Court deems just and proper.

**Answer: Said prayer for relief should be denied, as said awards were reached in breach of Article XIX §2 of the CBA and were void on their face. Moreover, without waiving said denial, plaintiff-counter defendant further avers that such a determination by this Honorable Court would effectively "freeze" any future bona fide legitimate legal challenge by an Employer**

**when Local 731 elects to ignore and/or breach selected provisions of the**

**CBA not to its liking, and would render the CBA moot.**


Respectfully Submitted,


<u>/s/ Brian R. Porter</u>

Mailing Address:   P.O. Box 8527

Chicago, IL 60680-8527

Office:   233 S. Wacker 84th Floor

Phone:   (773) 209-6890

Fax:   (312) 275-2270

E-mail:   brplaw@aol.com

Attorney No.:   6231208